Argued January 15, affirmed March 19, 1958

## OSBORN *v.* GAMBLE ET AL

322 P. 2d 926

*Guy F. Hughes,* Portland, argued the cause for appellant. On the briefs were Hughes, Vershum & Hughes, Portland.

*Harry A. Harris,* Oregon City, argued the cause for respondents. On the brief were Clifford S. Beckett, Oregon City, and Abe I. Bernstein, Portland.

Before PERRY, Chief Justice, and ROSSMAN, BRAND and McALLISTER, Justices.

PER CURIAM.

The plaintiff and his wife Daisy, about 15 years prior to the commencement of this suit, became the owners of 20 acres of land in Clackamas county, Oregon. Plaintiff and his wife, although not divorced, later separated and by mutual agreement conveyed the 20 acres of land to a son Ronald and his wife. At plaintiff's request Ronald and his wife conveyed 10 acres of this property to plaintiff's daughter Ruth Gamble and her husband James (defendants herein) for plaintiff's benefit. In 1953 the plaintiff was desirous of selling this property. At his request defendant Ruth Gamble and her husband executed a deed with the grantee's name in blank and forwarded the executed deed by registered mail to the plaintiff in Portland. Plaintiff at this time was in Portland for medical treatment and was residing at the home of his daughter, the defendant Ruby E. Hora. Approximately a month after the deed was received in Portland the deed was recorded and the names of the defendants Ruby E. Hora and Walter W. Hora appear as grantees in the deed.

There is a dispute as to whether the plaintiff authorized and directed the Horas to insert their names, but since the plaintiff at all times had this property in the name of one of his children, because of the fact he did not know the whereabouts of his wife and might be unable to obtain her signature to effect a transfer of the property, and because the Horas claimed no

beneficial interest in the property at any time, we are of the opinion plaintiff authorized this action.

This property was exchanged for town property, a house, owned by the defendants Driskell, the transfer of title being accomplished by the Horas executing a deed of conveyance to the Driskells of the 10 acres of farm land and the Driskells conveying the house to the Horas. Later the house was conveyed by the Horas to Ruth E. Gamble and her husband, who admit holding the naked title only, the beneficial interest being in the plaintiff. Subsequently the defendants Gamble executed a mortgage thereon for the sum of $1,000.

It should be noted that none of the children of the plaintiff ever claimed any beneficial interest in any of the properties and all of plaintiff's children agree they held legal title for the sole benefit of the plaintiff.

The plaintiff by this suit seeks to set aside the exchange of the properties between the Driskells and himself. The trial court entered a decree upholding the conveyance of the farm property to the defendants Thomas C. Driskell and Florence Driskell, and adjusted the equities between the plaintiff and his children for moneys expended on plaintiff's behalf. From this decree plaintiff appeals.

There is no evidence of unfair dealing between the Driskells and plaintiff. Thus the plaintiff's case rests solely upon the issue of whether or not the acts of the children were void and thus title could not pass to the farm land.

When the defendants Gamble executed and forwarded the conveyance of the farm land to plaintiff leaving the names of the grantees in blank, they authorized to be inserted therein the names of any grantees the plaintiff desired. As previously stated, there is no question in our minds but that plaintiff

authorized the placing of the names of the Horas in the deed. *Harth v. Pollock,* 97 Or 663, 193 P 202. The plaintiff thus having placed the legal title in the Horas and made it possible for them to effect the transfer of properties between the defendants Horas and innocent third parties, the defendants Driskells, the plaintiff is not in a position to complain. *Skyles et al. v. Kincaid et al.,* 124 Or 443, 264 P 432; *Harth v. Pollock,* supra.

Our examination of the record convinces us that each of the plaintiff's children at all times prior to and at the time of the exchange of properties were interested in improving the welfare of their father, the plaintiff, and that the plaintiff had full knowledge of and approved of all the transactions of which he now complains, including the conveyance by the Horas to the Driskells. We concur in the learned trial judge's observation made at the close of the trial:

> "I have a feeling that the plaintiff went along with the transfer of the property until he had a falling out with the Horas, and then he made up his mind he wanted his old property back."

The decree of the trial court is affirmed. Neither party is to recover costs.